Introduction

This matter comes before the appellate court on the Appellant Johnsons’ appeal filed on July 19, 2004. This appeal raised the following issues for consideration:
• Failure by the lower court to follow proper procedures when it allowed new information to be heard after a final judgment had been rendered.
• Failure by the lower court to enforce its order of April 17, 2003, that McClammy pay $100.00 per day for every day the trailer remained on the lot, for a total of $2300.00.
• Failure by the lower court to order the $2300.00 be paid to Johnson, as the injured party.
• That the lower court was too lenient in granting McClammy continuances.
• That the lower court did not schedule hearings in a timely manner.
DISCUSSION
The lower court record reflects the following facts pertinent to this appeal. Appellee Patrick McClammy, (“Mr. McClammy”), bought a household trailer from appellants Charles and Kimberly Johnson, (“the Johnsons”) in January, 2002, The contract of sale specified that. *155 late payment would be grounds for eviction and repossession.
Mr. MeClammy made a $1000.00 down payment and three monthly payments of $250.00, as specified in the contract of sale, but in May 2002, he fell behind in his payments. The Johnsons then made an unsuccessful attempt to evict MeClammy, and on June 14, 2002, the Johnsons obtained an Order of Eviction from the Tribal Court. However, a week later, on June 21, 2002, the Court ordered a Stay of Eviction based on failure of effective service.
After several personal confrontations, the Johnsons and Mr. MeClammy reached an agreement that Mr. MeClammy would pay an extra $1000.00, to be paid in four installments, as compensation for making late payments. This new agreement brought the total price of the trailer to pooo.oo.
The Johnsons and Mr. MeClammy continued to have issues over late payments, and were soon back in court. On August 12, 2002, the Court issued a Final Judgment ordering the Johnsons to accept checks from James MeClammy on behalf of Patrick MeClammy, which effected payoff of the trailer. The Court also ordered Patrick MeClammy to pay the $1000.00 late fee, pay a month’s rent for allowing the trailer to remain on the property, and to remove the trailer within sixty days. In addition, the Court ordered Patrick MeClammy to pay the Johnsons $250.00 for the sixty-day period, to be pro-rated if Patrick MeClammy moved the trailer sooner.
Mr. MeClammy failed to move the trailer or pay rent, and on November 22, 2002, the Tribal Court granted the Johnsons’ Motion to Review. A hearing was held on January 26, 2003. The Johnsons raised the issue of rent, claiming Mr. MeClammy owed rent for use of the lot on which his trailer was located. However, research revealed that the lot was trust land, held by the Johnsons as a business lease. In light of this information, the Court held on April 17, 2003, that it had no authority to authorize rent. The Court then vacated its August 12, 2002 ruling as to the awarding of rent, and ordered Mr. MeClammy to remove the trailer from the lot by May 1, 2003, or pay $100.00 for every day it remained on the lot, payable to the Court. The Johnsons moved to amend the Court’s August 12, 2002 order, to change “rent” to “damages,” i.e., payable to the Johnsons, but the Court denied the motion. Mr. MeClammy finally moved the trailer on or about May 23, 2003.
The Johnsons requested a Show Cause Hearing, which was held on June 7, 2004. Pursuant to that hearing, on June 22, 2004, the Court found Mr. MeClammy in contempt of Court for failure to remove the trailer as per the Court’s order. However, in light of the fact that Mr. McClammy’s sole source of income was a monthly SSI check in the amount of $467.00, the Court found it could not in good faith justify enforcing its April 17, 2003 order that Mr. MeClammy pay $100.00 per day for the twenty-three days the trailer remained on the lot. Accordingly, the Court reduced Mr. McClammy’s fine to $600.00, payable in two payments.
The first issues raised on appeals appear to relate to whether the court can consider new evidence arid modify previously entered orders. The Fort Peck Comprehensive Code of Justice does not expressly addressing the issue of when and how a court order can be modified. Other court systems expressly allow modification of final judgment both at the request of a party or in certain cases on the court’s own motion. The Federal Rules of Civil Procedure allow for altering or amending a final *156 judgment for a variety of reasons, including new evidence or “any other reason justifying relief from the operation of the judgment”. Fed. R. Civ. Pro. Rule 60(b)(6)(2005). This rules is virtually identical to the rule found under Montana law where modification of a judgment may be made independently by the court; Rule 60(b) specifies that it “does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.”. Mont.Code Ann. § 25-20-60(b) (2005).
The record does not show that Mr. MeClammy requested relief from the Court’s judgment. Rather it appears the Court modified the order based on new information provided at a subsequent hearing. The Johnsons argue that Mr. McClammy’s only relief from judgment at that point should have been through the Tribal Court of Appeals.
Certainly the Court of Appeals has the authority to modify decisions of the Tribal Court, including the amount of a judgment. Zemyan v. Bird, Appeal # 248, 1 Am. Tribal Law 110, Ft. Peck Tribal Court of Appeals, 1997. However, this principle does not mean that the Tribal Court of Appeals is the only forum available for addressing problems with a lower court order. A lower court always has the option of modifying an order issued by it to ensure court action ultimately reflects justice and equity. A court’s ability to correct problems within its own orders is an essential component of judicial economy.
In taking Mr. McClammy’s SSI income into account, the trial Court was simply applying the tribal policy set forth in CCOJ Title XV, stating that the Court may grant a stay of eviction in cases of nonpayment where the reason for nonpayment is delay in the receipt of social security or public assistance funds. Fort Peck CCOJ, Title XV, Ch. 3, Sec. 303 (2001). The lower court’s modification of its order reflects an allowable exercise of its powers to effectuate justice and does not constitute error.
The record does not support the Johnsons’ assertion that the lower court order was not enforced. The Court’s decision of April 17, 2003, finding Mr. MeClammy in contempt, was left undisturbed. The fine imposed on Mr. MeClammy was substantially reduced, but the record shows the fine, as modified, was paid in full.
The Johnson’s third claim appears to confuse fines owed to the court with damages owed to a party. The Court ordered Mr. McClammy to pay a fine pursuant to a contempt ruling, not to pay damages to the Johnsons. The record shows the Court’s final order of April 25, 2003, specified Mr. McClammy was to pay “one hundred dollars ($100.00) for every day the trailer remain (sic) on the Petitioners (sic) lot and shall be paid to the Court.” Johnson v. McClammy, Fort Peck Tribal Court, Case no. 02-6-158, Order on Motion to Review, April 25, 2003. (Emphasis added.) Since this portion of the order does not affect any recognizable interests that the Johnsons might have in these proceedings, they have no standing to challenge the Tribal Court’s contempt ruling.
The last two issues on appeal relate to timeliness of court actions. Although delays in court proceedings are frustrating, there is nothing in the record that reflects these delays were the because of unnecessary or inappropriate court action.
While the Johnsons decry the trial Court’s “feeling sorry” for Mr. MeClammy and giving him “the benefit of the doubt,” it should be noted that the Fort Peck *157 CCOJ deems both dwelling places and pensions exempt from judgments for money, although such exempt property may be subject to satisfaction in cases where the debtor has pledged the property as collateral. Fort Peck CCOJ, Title VIII, Ch. 3, Sec. 310(d), (j) (2001).(Emphasis added.) While the record shows Mr. McClammy agreed to forfeit the trailer if he failed to make timely payments, the language of the statute gives the Court discretion in such matters. The Johnsons’ frustration notwithstanding, there is nothing in the record that demonstrates an abuse of discretion by the lower Court in this matter.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The lower court order is affirmed.